IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


STEPHEN PATRICK RUGH, FG-3622,     )
    Petitioner,       )
      )
    v.       )    2:13-cv-175
      )
KENNETH R. CAMERON, et al.,     )
    Respondents.      )


MEMORANDUM and ORDER

Mitchell, M.J.:

      Stephen Patrick Rugh an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Petitioner is incarcerated serving a sentence of twenty-five to sixty-five years imposed upon his plea of guilty to charges of involuntary deviate sexual intercourse, sexual abuse of children, unlawful contact or communication with minors, endangering the welfare of children, aggravated indecent assault, recklessly endangering another person, indecent assault, corruption of minors, possession of child pornography, criminal solicitation, trademark counterfeiting and criminal attempt at Nos. 2000 CR 4843, 4844; 2001 CR 3136, and 2002 Cr. 187 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on May 27, 2004.[1]

      In his appeal to the Superior Court, Rugh raised the following issues:

    I.    The trial court erred by concluding that the sexually violent predator provisions of Megan's Law II are not unconstitutionally vague, where the sexual offenders assessment board has not promulgated regulations as directed by the General Assembly.

---

[1]  See: Petition at ¶¶ 1-6. We observe that the petitioner was originally sentenced to a twenty-four to one hundred twenty-two year period of incarceration. On June 27, 2003, Rugh was permitted to withdraw his plea and on February 9, 2009 he entered a negotiated plea and on May 27, 2004, the present twenty-five to sixty-five year sentence was imposed.

II.     The trial court erred by permitting the testimony of Dr. Pass, when Dr. Pass admitted that the sexual offender's assessment board established but never published, standards for evaluations and evaluators conducting assessments.

III.    The trial court erred by permitting the testimony of Dr. Pass and the introduction of his report, when his testimony and report relied upon information and an interview obtained prior to appellant's withdrawal of his first guilty plea.

IV.     The trial court erred by determining that the sexually violent predator provisions of Megan's Law II do not violate the separation of powers.

V.      The legislature violated Article III, Section 3 of the Pennsylvania Constitution by enacting a bill that contains more than one subject.

VI.     The absence of a judicial review mechanism in Megan's Law II renders the statute excessive in relation to the remedial purposes served and renders the registration, notification and counseling sanctions punitive.

VII.    The provisions of the amended Megan's Law II inflict punishment by requiring a trial court at the time of sentence to impose upon an adjudicated defendant the unalterable requirement of life-long reporting on a quarterly basis to the State Police, accompanied by a mandate that the defendant pay for and participate in an "at least monthly" counseling program designated and "monitored" by the Pennsylvania Board of Probation and Parole, and verified quarterly to the State Police, while he is subjected simultaneously to an aggressive campaign of public notification through the use of leaflets and notices that are used to publicize the judicial fact that he has been declared by a court to be a "sexually violent predator."

VIII.   The sexually violent predator provisions of Pennsylvania's Megan's Law which provides for adjudication of defendant as a sexually violent predator and the enhanced penalties attending that status, deprive appellant of his right to procedural due process, including a standard of proof beyond a reasonable doubt, a right to trial by jury, and the protection of an information or indictment.

IX.     The sexually violent predator provisions of Pennsylvania's Megan's Law II are unconstitutionally vague and render adjudicatory proceedings unavoidably arbitrary and capricious by conferring impermissible discretion upon assessors and judges in violation of the due process clause of the United States and Pennsylvania Constitutions.

X.     Megan's Law II subject the defendant to cruel and unusual punishment and violates his right to substantive due process as protected by our State and Federal Constitutions, by punishing the defendant for his mental status and a highly speculative prediction of future dangerousness.

XI.    Megan's Law II violates the defendant's double jeopardy rights in violation of the Federal and State Constitutions.

XII.   The assessment and adjudicatory procedures of Megan's Law compel appellant to give testimony against himself or suffer a negative [inference] from his silence, in violation of his State and Federal self-incrimination privilege.

XIII.  The assessment and adjudicatory procedures of Megan's Law II violate statutory confidentiality protections afforded the defendant and his co-extensive right to privacy.

XIV.   By subjecting petitioner to a broad form of public notification about his criminal status, identity and location, by publicly declaring to all the world that he is a "sexually violent predator," and by forcing him to repeatedly reveal his "innermost thoughts" to a state designated agent, the implementation of Pennsylvania's Amended Megan's Law would constitute a gross and unjustifiable violation of petitioner's State and Federal right to privacy.

XV.    Megan's Law II violates the defendant's right to assistance of counsel, to present a defense and to equal protection of the laws.

XVI.   The evidence was insufficient to establish that Stephen Patrick Rugh was a sexually violent predator.[2]

On August 5, 2005, the judgment of sentence was affirmed.[3] Leave to appeal was denied by the Pennsylvania Supreme Court on April 25, 2007.[4]

A post-conviction petition was filed on April 25, 2008 and dismissed on November 20, 2008.[5] A *pro se* appeal to the Superior Court was filed in which the questions presented were:

A.     Whether the PCRA court erred in failing to grant post-conviction collateral relief based upon the instances of ineffective assistance of plea counsel for permitting a defective guilty plea to be accepted where error is plain upon the record within the guilty plea colloquy?

---

[2] See: Attachment 6 to the answer at pp.252-254.
[3] See: Attachment 8 to the answer at pp. 362-368.
[4] See: Attachment 10 to the answer at p.432.
[5] See: Attachment 11 at p.504.

B.  Whether PCRA counsel was ineffective for failing to properly review appellant's PCRA petition for merit, or amending PCRA to correct its deficiencies?

C.  Whether the PCRA court erred in denying appellant the opportunity to present pro se amendment to his PCRA petition?

D.  Whether the PCRA court should have held an evidentiary hearing to determine appellant's competency at the time of the guilty plea colloquy?[6]

On October 22, 2009, the denial of post-conviction relief was affirmed.[7] Leave to appeal to the Pennsylvania Supreme Court was denied on April 1, 2010.[8]

Rugh submitted a second post-conviction petition to the Court of Common Pleas which was dismissed as untimely on September 6, 2011.[9] An appeal was taken to the Superior Court in which the questions presented were:

I. Whether the trial court erred in denying the appellant's PCRA as untimely where the appellant demonstrated exceptions to the timeliness and PCRA application to after discovered documents and a constitutional right asserted.

II. Whether the trial court erred in denying relief or consideration of after discovered documents based on the date of the documents, instead of appellant's discovery of the documents.

III . Whether the trial court erred when it denied relief by not vacating a charge due to a charge that has been ruled unconstitutionally overbroad, thereby negating the guilty plea contract which includes the "vacated" statute.

IV. Whether the trial court erred when it ignored the supplemental issue of an illegal sentence on charges which appellant is statutorily not guilty of.[10]

On May 1, 2012, the Superior Court affirmed the denial of post-conviction relief on the charges of sexual abuse of petitioner's minor son and niece as well as possession of child pornography but reversed his conviction for the crime of trademark counterfeiting based on the holding in Commonwealth v. Omar, 602 Pa. 595 (2009) which declared the counterfeiting statute overbroad.[11] The Superior Court also held that the second post-conviction petition was timely

---

[6]  See: Attachment 11 to the answer at p. 469.
[7]  See: Attachment 12 to the answer at pp. 546-558.
[8]  See: Attachment 13 to the answer at p.604.
[9]  See: Attachment 14 to the answer at pp. 636-647.
[10]  See: Attachment 14 at p.612.
[11]  See: Attachment  14 to the answer at pp.648-661.

filed since the time in which to file commenced when the Supreme Court denied his petition for allowance of appeal and reconsideration.[12] Specifically, the Superior Court held that:

> While appellant did enter a negotiated plea agreement, the trial court set forth the specific sentences for each of the charges. Appellant received "no further sentence" for his guilty plea to the court of trademark counterfeiting … Thus, the abrogation of the conviction for trademark counterfeiting does not disturb the sentencing scheme envisioned by the trial court, and, by extension does not upset the parameters of the negotiated agreement entered into by appellant and the Commonwealth.[13]

In the instant petition executed on January 28, 2013, Rugh contends he is entitled to relief on the following grounds:

1. Trial counsel was ineffective in failing to appeal the suppression of the petitioner's search warrant [which] was overbroad and altered beyond the four corners of the affidavit of probable cause.

2. Counsel was ineffective for failing to properly advise petitioner on actual sentencing exposure when recommending to plead guilty.

3. Counsel …were both ineffective for failing to petition the trial court for an extended mental evaluation of the petitioner.

4. With the Pennsylvania Superior Court striking the charge of trademark counterfeiting from the plaintiff's guilty plea, this changed the [plea] contract that he signed with the Commonwealth of Pennsylvania, thereby voiding it.[14]

The background to this prosecution is set forth in the May 1, 2012 Memorandum of the Superior Court:

> On August 29, 2002, [appellant] entered a general plea to multiple counts of involuntary deviate sexual intercourse (IDSI) with persons less than thirteen and with persons less than sixteen years of age, sexual abuse of children, unlawful contact or communication with a minor, endangering the welfare of children, and corruption of minors and one count of criminal attempt, criminal solicitation, incest, aggravated indecent assault with persons less than thirteen and less than sixteen years of age, recklessly endangering another person (REAP), trademark counterfeiting, and criminal attempt. On January 28, 2003, the trial court sentenced him to not less than twenty-five nor more than one hundred and twenty-two years' incarceration.  The trial court also found him to be a sexually violent predator pursuant to Megan's Law…

---

[12] See: Attachment 14 to the answer at pp.655-656. Additionally, see the discussion of timeliness which follows.
[13] Id. at pp. 656-657, 704.
[14] See: Petition at ¶10.

On June 27, 2003, the trial court granted the motion to withdraw on the grounds that [appellant] was not properly advised that he could receive consecutive sentences. [Appellant's] counsel filed pretrial motions, which were subsequently denied by the trial court.

On February 9, 2004, [appellant] pleaded guilty to four counts of IDSI, fifteen counts of sexual abuse of children, five counts of unlawful contact or communication with minors, three counts of endangering the welfare of children, one count of incest, four counts of REAP, two counts of aggravated indecent assault, and one count of trademark counterfeiting [He was sentenced on May 27, 2004, to an aggregate term of imprisonment of from 24 years to 65 years]. The trial court also determined [appellant] to be a sexually violent predator pursuant to Megan's Law…[15]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on April 25, 2007 and certiorari was not sought and for this reason, his conviction became final on July 24, 2007 when the ninety day period in which to seek certiorari expired. Gonzalez v. Thaler,

---

[15]   See: Attachment 14 to the answer at pp. 649-650.

132 S.Ct. 641 (2012).  A post-conviction petition was filed on April 25, 2008, and it was dismissed on November 20, 2008. On October 22, 2009, the denial of relief was affirmed by the Superior Court and leave to appeal was denied by the Pennsylvania Supreme Court on April 1, 2010.

Rugh filed a second post-conviction petition which was dismissed on September 6, 2011 as being untimely. An appeal was taken to the Superior Court which Court observed that his challenge to the trademark conviction was timely in that it was only on October 5, 2009 that the Pennsylvania Supreme Court decided Omar which held that the trademark counterfeiting statute was overbroad and thus unconstitutional. The Superior Court also held that Rugh's challenge was timely filed within the sixty day time period set forth in 42 Pa.C.S. § 9545(b)(2)[16] since he could not have filed a second post-conviction petition while his first petition was still pending, Commonwealth v. Lark, 560 Pa. 487 (2000), and that he did file his second petition June 29, 2011.[17] Thus, the validity of the challenge to his counterfeit trademark violation was deemed a timely exception to the one year filing requirement. Clearly, by implication, the remainder of the challenges which did not fit any exception were untimely. Indeed, the Superior Court affirmed the denial of the second post-conviction petition by affirming the trial court, which had dismissed the petition as untimely, and only granted relief on the one issue it deemed timely raised.

The Superior Court in the second post-conviction review wrote that the petition was "manifestly untimely absent appellant's ability to prove that one of the exceptions to the timing requirements apply."[18] However, as a result of a change in the law after petitioner's first post-conviction petition was decided, the Superior Court concluded that the counterfeit trademark challenge was timely and addressed this issue on the merits. As a result the Court concluded that that one count was subject to dismissal but since no additional sentence had been imposed on this

---

[16] 42 Pa.C.S.A. § 9545(b)(2) provides that an exception to the one year limitation in which to seek post-conviction relief is not applicable where the petition "invoke[s] an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."   Paragraph (1)(iii) provides for such an extension when "a constitutional right that was recognized by … the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

[17] See: Attachment 14 to the answer at p.651.

[18] See: Attachment 14 to the answer at p.653.

conviction, the sentence as imposed remained and no modifications or adjustments were mandated.[19]

Thus, with the exception of the counterfeit trademark allegation the second post-conviction petition was affirmed as having been untimely filed under state law. For this reason, we conclude that since relief was denied on his first post-conviction petition on April 1, 2010, and the instant petition was not executed until January 28, 2013, it is time barred here and Rugh is not entitled to relief.[20]

Additionally, a habeas court reviewing a conviction based upon a plea of guilty is limited to a determination of whether or not the plea was knowingly, voluntarily and intelligently entered with the advice of competent counsel. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). For this reason, we examine the record of the second plea entered on February 9, 2004.

At that plea hearing the prosecutor explained the terms of the plea agreement which provided for a 25 to 65 year sentence and the terms of that agreement were concurred in by defense counsel (TT. 2/9/04 pp.9-14). Defense counsel also represented that the petitioner understood the plea agreement and the petitioner himself stated that he understood the plea agreement (TT. 2/9/04 pp. 15, 17-19); that he understood that the sentence agreed upon did not include how he would be designated under Megan's Law until that assessment was conducted (TT. 2/9/04 pp. 19, 28); that under Megan's Law he had no reason to believe that he would not be designated a sexually violent predator (TT. 2/9/04 p.29); that he understood the charges against him (TT. 2/9/04 pp. 20-26); that he had discussed the charges with counsel and was satisfied with the advice of counsel (TT. 2/9/04 p.20); that he believed the plea was in his best interest (TT. 2/9/04 pp. 23,27) and that no threats or other promises had been made in order to induce his plea (TT. 2/9/04 p.27).

For this reason, there is no basis to allege that his plea was other than knowingly, voluntarily and intelligently entered with the advice of competent counsel.

---

[19] Pursuant to the plea agreement no additional sentence was to be imposed on Count 12 of CP-65-CR-3136-2001 which alleged trademark counterfeiting, a first degree misdemeanor. See: Guilty Plea Hearing, February 9, 2004 at p.12.

[20] We reiterate that in order to gain an exception to the statutory one year time limitation in which to seek post-conviction relief, Rugh had to demonstrate that one of the exceptions to that rule applied. Here, he could only do so on the one statute which the Pennsylvania Supreme Court had determined to be invalid subsequent to his having filed his first post-conviction petition. Having been granted relief on this one issue, there are no further matters which could be timely raised here.

Because, the petition here is either untimely or does not provide a basis for concluding that the petitioner's conviction was secured in any manner contrary to the laws of the United States as interpreted by the Supreme Court, nor involved an unreasonable application of those decisions, Rugh is not entitled to relief here. Accordingly, his petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 11th day of June, 2013, for the reasons set forth in the foregoing Memorandum, the petition of  Stephen Patrick Rugh for a writ of habeas corpus (EFC 1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge